FILED

05/25/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0150

DA 20-0150

IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 133N

STATE OF MONTANA,

Plaintiff and Appellee,

v.

JENNIFER GRUCE,

Respondent and Appellant.

APPEAL FROM: District Court of the Ninth Judicial District,
In and For the County of Glacier, Cause No. DC-17-28
Honorable Robert G. Olson, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Carl B. Jensen, Attorney at Law, Great Falls, Montana

For Appellee:

Austin Knudsen, Montana Attorney General, Michael P. Dougherty,
Assistant Attorney General, Helena, Montana

Terryl Matt, Glacier County Attorney, Jennifer Stutz, Deputy County
Attorney, Cut Bank, Montana

Submitted on Briefs: March 24, 2021

Decided: May 25, 2021

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Jennifer Gruce appeals from a November 27, 2019 Ninth Judicial District Court order denying her motion to dismiss for an alleged speedy trial violation. We affirm.

¶3     Jennifer Gruce (Gruce) was arrested on April 28, 2017, and charged with criminal possession with intent to distribute, criminal possession of drug paraphernalia, and both felony and misdemeanor criminal possession of dangerous drugs. Gruce pleaded not guilty on May 10, 2017, and posted bond on May 18, 2017. In October 2017, prior to trial but after the motions deadline, Gruce filed a motion to suppress evidence obtained during a search of her room. At an October 18, 2017 status hearing, the District Court vacated the scheduled November 20, 2017 trial, noting in the record that Gruce had, through counsel, orally waived the right to a speedy trial.

¶4     In a December 13, 2017 order, the District Court denied the motion to suppress and ordered the parties to submit a status report. In Gruce's January 7, 2018 status report, Gruce stated that she was trying to negotiate a plea agreement with the State and requested a trial setting. On January 10, 2018, the District Court set trial for April 16, 2018. However, at a March 21, 2018 status hearing, Gruce, through counsel, requested additional

time to negotiate an agreement with the State. Gruce orally waived her right to a speedy trial and the Court set a status hearing regarding the new trial date. At the April 25, 2018 status hearing, Gruce advised the Court that she was still attempting to negotiate a deal and requested the trial be pushed back. After Gruce affirmed that she was waiving her speedy trial rights, the District Court reset trial for October 1, 2018.

¶5 At an August 29, 2018 status hearing for the October trial, Gruce informed the Court that she was still seeking to resolve the matter without a trial and requested a continuance. At a September 26, 2018 status hearing, Gruce again requested a continuance. Defense counsel related to the Court that counsel had not yet had the opportunity to discuss certain documents with Gruce that had been mailed to counsel's old address. At a subsequent October 24, 2018 status hearing, Gruce requested a trial setting and the District Court set trial for January 17, 2019.

¶6 In November 2018, the Court appointed substitute counsel for Gruce. At a December 19, 2018 status hearing, the District Court granted defense counsel's motion to continue Gruce's trial. At a January 23, 2019 status hearing, the parties indicated that they were working towards an agreement. However, when they informed the court on February 6, 2019, that an agreement had not been reached, the court set a new trial date for July 2019. On June 26, 2019, Gruce, represented by new counsel, informed the court of an offer by the State. The District Court vacated the July 2019 trial and reset it for August 12, 2019. On July 31, 2019, Gruce's counsel moved to continue the trial due to a scheduling conflict by defense counsel. On August 12, 2019, the District Court moved the trial to December 9, 2019.

3

¶7     On October 15, 2019, Gruce moved to dismiss her case, alleging a violation of her right to a speedy trial. Following a hearing, the District Court denied Gruce's motion. The court calculated that 955 days had passed between Gruce's initial appearance and her final trial setting. The District Court found that 724 days of the delay were attributable to Gruce while 231 were attributable to the State in the form of institutional delay. The District Court determined that Gruce's right to a speedy trial had not been violated. Gruce appeals.

¶8     We review rulings on alleged speedy trial violations de novo for correctness. *State v. Butterfly*, 2016 MT 195, ¶ 6, 384 Mont. 287, 377 P.3d 1191. We review a district court's underlying factual findings for clear error. *Butterfly*, ¶ 6.

¶9     The right to a speedy trial is guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and Article II, Section 24, of the Montana Constitution. *Butterfly*, ¶ 8. In analyzing speedy trial claims, we use the four-part test set out in *State v. Ariegwe*, 2007 MT 204, ¶ 34, 338 Mont. 442, 167 P.3d 815: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's responses to the delay; and (4) resulting prejudice to the accused. *Butterfly*, ¶ 8. No particular factor need be dispositive. *Butterfly*, ¶ 8.

¶10    The first factor is the length of the delay. We have held that delays of more than 200 days indicate a presumption of prejudice and increase the State's burden to justify the delay as it grows longer. *State v. Snider*, 2018 MT 258, ¶ 14, 393 Mont. 166, 429 P.3d 268 (citing *Ariegwe*, ¶ 62). The parties do not dispute the District Court's finding that Gruce's pretrial delay totaled 955 days. The State concedes that the length of the delay weighs in

Gruce's favor and requires the State to make a very persuasive showing that Gruce was not prejudiced.

¶11 Under the second factor, the reason for delay, a court must identify each period of delay as attributable to either the defendant or to the State, before weighting each delay based on culpability. *Butterfly*, ¶ 27. Institutional delay, such as that resulting from overcrowded court dockets, is attributable to the State but weighs less heavily than delays caused by "bad faith, negligence or lack of diligence." *Butterfly*, ¶ 27. Because the duty to timely bring a defendant to trial lies with the State, delay is attributed to the State unless the delay was caused by the defendant or the defendant affirmatively waived their right to a speedy trial. *State v. Stops*, 2013 MT 131, ¶ 27, 370 Mont. 226, 301 P.3d 811 (citation omitted); *Ariegwe*, ¶¶ 64-65.

¶12 The District Court identified nine periods of delay preceding Gruce's December 9, 2019 trial. Tallying these periods of delay, the District Court determined that 724 days of delay were attributable to the actions of Gruce or resulted from her affirmative waiver of speedy trial rights, while 231 days were attributable to the State as institutional delay.

¶13 Gruce asserts that the delay attributable to the State is actually more than two years. However, Gruce gives no explanation for this calculation, though she does assert that delay caused by her multiple reassignments of defense counsel is attributable to the State. Gruce does not support this claim with legal authority or argument and fails to point to material in the record demonstrating that any amount of delay was due to reassignment of defense counsel, rather than to continuing negotiations with the State. Moreover, Gruce points to no specific dates and presents no calculations with which to assess her claim that any such

5

delay would add up to more than two years. "[I]t is not this Court's obligation to conduct legal research on behalf of a party or to develop legal analysis that might support a party's position. *State v. Cybulski*, 2009 MT 70, ¶ 13, 349 Mont. 429, 204 P.3d 7 (citation omitted). Gruce develops no argument demonstrating that the District Court's factual finding attributing 231 days of delay to the State and 724 days to Gruce was clearly erroneous.

¶14 Similarly, Gruce does not challenge the District Court's determination that all delay attributable to the State was institutional delay, which weighs less heavily against the State than other forms of delay. Accordingly, in reviewing a record that demonstrates multiple explicit waivers of speedy trial rights and numerous requests for continuances by Gruce, we cannot find the District Court to have erred in concluding that the second factor—the reason for the delay—weighs in favor of the State.

¶15 The third factor is the defendant's response to the delay, examining to what extent the defendant acquiesced or objected to any delays to determine "whether the accused actually wanted a speedy trial." *Butterfly*, ¶ 32 (internal quotations omitted). The District Court found that Gruce moved to continue her trial on at least five different occasions and waived her right to a speedy trial on multiple occasions. While Gruce argues that she did not waive her speedy trial rights in the entirety, Gruce points to no objection made to the delay until her motion to dismiss on October 15, 2019, well over two years after her arrest. The record indicates that Gruce repeatedly delayed the trial in order to pursue plea negotiations with the State and suggests that she did not actually want a speedy trial. The District Court did not err in concluding that the third factor weighs against Gruce.

6

¶16	The final factor is prejudice to the accused caused by the delay. *Ariegwe*, ¶ 86. This factor considers three forms of prejudice: the degree of oppressive pretrial incarceration, anxiety or disruption caused by unresolved criminal charges, and potential damage to the defendant's ability to mount an effective defense. *Butterfly*, ¶ 34.

¶17	First, the State concedes that Gruce was incarcerated for 20 days during the pendency of her trial.[1] However, Gruce does not challenge the District Court's conclusion that she did not suffer oppressive pretrial incarceration.[2] As such, we do not find the District Court to have erred in determining that this subfactor did not weigh in favor of Gruce.

¶18	Second, Gruce argues that she has suffered anxiety and harm to her emotional and mental well-being during the pendency of her trial. The Court must "kee[p] in mind that a certain amount of anxiety and concern is inherent in being accused of a crime." *Butterfly*, ¶ 34 (internal quotation and alteration omitted). The District Court found that, while Gruce testified to anxiety and stress during the pendency of her trial, Gruce's multiple waivers of her right to a speedy trial and repeated continuance requests suggested that any such stress

---

[1] On appeal, Gruce does not challenge the District Court's calculation of 12 days of incarceration, which the State here points out to have been erroneous. Nevertheless, we agree with the State that the discrepancy is not substantial here in the context of an alleged speedy trial violation spanning over 900 days.

[2] In the portion of her brief discussing prejudice, Gruce briefly references her inability to be with family in Nevada. However, the cited testimony was commenting on the delay in resolving the matter as a whole, not any period of incarceration.

and anxiety was minimal.[3] Gruce points to nothing in the record or law indicating that the District Court erred in concluding that this element did not weigh in favor of finding a significant degree of prejudice to Gruce.

¶19 Third, Gruce argues that the delay prejudiced her ability to present an effective defense by eroding exculpatory evidence. The District Court found no evidence that Gruce's ability to present an effective defense had been impaired. On appeal, Gruce again points to no such evidence but instead argues that "excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify." *Ariegwe*, ¶ 99 (internal quotation omitted). Indeed, we have noted that the absence of an affirmative showing of damage to a defendant's ability to raise defenses or produce evidence does not necessarily preclude a finding that a defense has been impaired. *See Ariegwe*, ¶ 99. However, Gruce does not contest the District Court's finding that Gruce's case consisted mostly of physical evidence, such as written reports, statements, and videos, that was not subject to degradation.

¶20 "[I]n the absence of affirmative proof of impairment, we focus on the other speedy trial factors to assess whether the pretrial delay has prejudiced the accused's defense." *State v. Couture*, 2010 MT 201, ¶ 67, 357 Mont. 398, 240 P.3d 987. As noted previously the record demonstrates that the majority of the delay was attributable to Gruce, who was

---

[3] We also note that, while Gruce testified to having difficulty finding work "for a little bit," she ultimately found employment at a boutique where she was working as an assistant manager and was being trained for a management position at the time of the hearing. *See State v. Heath*, 2018 MT 318, ¶ 26, 394 Mont. 41, 432 P.3d 141 (considering factors such as loss of employment, financial and economic loss, and whether the "accused's associations were curtailed").

seeking to negotiate with the State, resulting in the dismissal of the felony criminal possession with intent to distribute charge. While the length of the delay substantially increases the presumption of prejudice, *Couture*, ¶ 49, the State has made the necessary strong showing here that Gruce was not prejudiced. We cannot conclude that the District Court erred in determining that Gruce's ability to mount an effective defense was not prejudiced.

¶21 Finally, Gruce notes that none of the four factors laid out above is necessarily dispositive, *see Ariegwe*, ¶ 153, and contends that the length of the delay, Gruce's speedy trial complaint, and the "State's negligence all mitigate in favor of finding" for Gruce. While the State concedes that the delay was lengthy, Gruce points to nothing in the record supporting a claim of "negligence" by the State. As noted above, the District Court did not err in concluding that, of the four *Ariegwe* factors, only the first factor—length of the delay—weighed in favor of Gruce.

¶22 "[G]enerally a speedy trial claim would fail, however great the delay, if the government had pursued the accused with reasonable diligence," in the absence of a showing of prejudice to the defense. *Ariegwe*, ¶ 60 (internal quotation omitted). Gruce has made no showing of prejudice or of lack of diligence by the State. Rather, Gruce repeatedly waived her speedy trial rights and pushed back the trial as she sought to negotiate a favorable deal with the State. On this record, we cannot conclude that the District Court erred in determining that Gruce's right to a speedy trial was not violated and denying her motion to dismiss on those grounds.

¶23 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶24 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE